# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **MITSUIYA INDUSTRIES, CO. LTD.,**<br><br>    *Plaintiff,*<br><br> v.<br><br>**FORMED FIBER TECHNOLOGIES, INC.; GISSING TECHNOLOGIES LLC f/k/a FORMED FIBER TECHNOLOGIES, LLC; GISSING NORTH AMERICA LLC f/k/a CONFORM GISSING INTERNATIONAL, LLC f/k/a FFT HOLDINGS, LLC; GISSING AUTOMOTIVE SYSTEMS, LLC; GISSING SIDNEY LLC f/k/a FFT SIDNEY LLC; GISSING AUBURN LLC f/k/a FFT AUBURN LLC; CONFORM AUTOMOTIVE, LLC; JOHN DOE ENTITIES AND/OR INDIVIDUALS 1-10,**<br><br>    *Defendants.* | **Case No.: 2:20-cv-10941-TGB-RSW**<br><br>**HON. TERRENCE G. BERG**<br><br>**<u>DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS</u>** |

i

## STATEMENT OF ISSUES PRESENTED

Should the Court extend the deadline for Plaintiff to respond to Defendants' pending Motion to Dismiss (ECF No. 25), thereby extending Plaintiff's response period from 21 days to a total of 35 days?

Defendants answer "No."

This Court should answer "No."

## **CONTROLLING AND MOST APPROPRIATE AUTHORITY**

Fed. R. Civ. P. Rule 1

Fed. R. Civ. P. Rule 6(b)(1)(A)

E.D.Mich. LR 7.1(e)(1)(B)

Defendants, by their counsel of record, Clark Hill, PLC, respectfully oppose Plaintiff's Motion for Extension of Deadline to Respond to Defendants' Motion to Dismiss, and in support state as follows:

## STATEMENT OF FACTS

On April 16, 2020, Plaintiff Mitsuiya Industries, Co. Ltd. commenced this case by the filing of its Complaint (ECF No. 1). Plaintiff's original Complaint was an extensive, 138-page, 404-paragraph, pleading that asserted thirteen (13) separate counts against seven (7) separate legal entities, plus various unnamed John Doe Defendants.

Twenty-one days later, on May 7, 2020, Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 9). In other words, within 21 days of first receiving Plaintiff's 138-page, 404-paragraph, 13-count Complaint, and in the middle of the worldwide COVID-19 pandemic and the challenges associated with the Emergency Stay-At-Home Orders issued by Governor Whitmer, Defendants filed a motion to dismiss and brief in support demonstrating why the majority of Plaintiff's original Complaint failed to state a claim.

Like the instant motion seeking more time, Plaintiff filed a Motion for Extension of Time to Respond to Defendants' Motion to Dismiss the original Complaint (ECF No. 20), seeking a total of 35 days to respond. Defendants' counsel had offered a 7-day extension but opposed a 14-day extension.

1

(PageID.287, footnote 1). Over Defendants' objection, the Court granted Plaintiff the requested 14-day extension.

Subsequently, Mitsuiya decided not to respond to Defendants' original Motion to Dismiss and, rather, it filed a First Amended Complaint (ECF No. 23). Plaintiff's First Amended Complaint is an even longer pleading than the original Complaint, consisting of 434 paragraphs spread over 149 pages without exhibits. Like the original Complaint, Plaintiff's First Amended Complaint continues to assert frivolous causes of action that fail to state a claim, and it commingles corporate entities, ignores basic contract law principles, and makes broad and sweeping allegations that have no basis in fact.

Despite Plaintiff having 21 days pursuant to E.D.Mich. LR 7.1(e)(1)(B) to respond to Defendants' Motion to Dismiss the First Amended Complaint, which is the same length of time that Defendants had to prepare and file their dispositive motion, and despite all counsel and the Court operating under the same difficult circumstances created by COVID-19, Plaintiff now moves to expand Mitsuiya's response briefing time from 21 days to a total of 35 days. The motion (ECF No. 27) should be denied for lack of good cause.

## ARGUMENT

Fed. R. Civ. P. Rule 1 provides that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy,

2

and inexpensive determination of every action and proceeding." Plaintiff's instant motion is directly in conflict with that rule.

Pursuant to E.D.Mich. LR 7.1(e)(1)(B), any response to Defendants' motion to dismiss must be filed within twenty-one (21) days of service of the dispositive motion. Since Defendants moved to dismiss on June 18, 2020, under the regular briefing schedule established by the Local Rules of the Court, Plaintiff's response brief is due on or before July 9, 2020.

Fed. R. Civ. P. Rule 6(b)(1)(A) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time .... if the request is made, before the original time or its extension expires." Here, Plaintiff has failed to establish the requisite good cause. Defendants acknowledge these are difficult, unprecedented times. Defendants' counsel also acknowledge and fully understand their obligations under the Eastern District's Civility Principles, and they are committed to complying with those principles and working cooperatively with counsel when appropriate. Yet, despite the worldwide COVID-19 pandemic, various emergency stay-at-home orders, and associated remote work-from-home challenges, the obligation to move cases forward and advance the orderly and prompt administration of justice continues and the obligations imposed on the Court and the parties by Fed. R. Civ. P. Rule 1 remain. All counsel and the Court and the general public are operating under the same unique circumstances,

3

which in and of themselves do not establish good cause or justify the requested extension.

Defendants' Motion to Dismiss only challenges Count I, Counts II and III (partially), and Counts IV and V. Moreover, Defendants' argument regarding Count I is the same argument that was raised in Defendants' first Motion to Dismiss (ECF No. 9; PageID.207-208) filed on May 7, 2020, and some of the other arguments are similar as well. There is nothing unique or especially complicated about Defendants' pending Motion to Dismiss. Plaintiff Mitsuiya has failed to establish the requisite good cause under Fed. R. Civ. P. Rule 6(b)(1)(A) to justify a 14-day extension.

It should be noted that, pursuant to E.D.Mich LR 7.1(a), Plaintiff's counsel sought concurrence by email dated June 26, 2020, from Defendants' counsel, requesting 35 days to respond to the Motion to Dismiss. The June 26 email was preceded by a telephone call arranged by Defendants' counsel on June 16, 2020, to discuss Defendants' Motion to Dismiss and Strike Plaintiff's First Amended Complaint. During that telephone call, Plaintiff's New York counsel mentioned that she was busy with other cases and was working on an appellate brief but anticipated that between Plaintiff's two retained law firms she would be able to meet the deadline and respond to Defendants' Motion to Dismiss within 21 days. Neither in the email nor during the preceding telephone call between counsel on

4

June 16, 2020, did Plaintiff's counsel make any reference to any health issue or medical problem or otherwise indicate that a personal medical problem would interfere with or make meeting the July 9, 2020 response brief deadline difficult. If she had sought concurrence for an extension on that basis, rather than on the fact that she was busy with other cases, Defense counsel's response based on the "good cause" standard may have been different.

WHEREFORE, Defendants respectfully request that the Court deny Plaintiff's motion to extend its deadline to respond to Defendants' Motion to Dismiss and maintain the current deadline of July 9, 2020.

                    Respectfully submitted.

                    CLARK HILL PLC

July 1, 2020           By:  /s/ David W. Centner
                                Sean P. Fitzgerald (P60654)
                                David W. Centner (P43071)
                                Gregory N. Longworth (P49249)
                                Attorneys for Defendants
                                200 Ottawa Ave. NW, Suite 500
                                Grand Rapids, MI 49503
                                (616) 608-1100
                                sfitzgerald@clarkhill.com
                                dcentner@clarkhill.com
                                glongworth@clarkhill.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of July 2020, I caused electronic filing of the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all properly registered counsel of record.

                                              By:   /s/ David W. Centner
                                                        Sean P. Fitzgerald (P60654)
                                                        David W. Centner (P43071)
                                                        Gregory N. Longworth (P49249)
                                                        CLARK HILL PLC
                                                        Attorneys for Defendants
                                                        200 Ottawa Ave. NW, Suite 500
                                                        Grand Rapids, MI 49503
                                                        (616) 608-1100
                                                        sfitzgerald@clarkhill.com
                                                        dcentner@clarkhill.com
                                                        glongworth@clarkhill.com