UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MITSUIYA INDUSTRIES CO., LTD.,** <br><br> Plaintiff, <br><br> vs. <br><br> **FORMED FIBER TECHNOLOGIES, INC.,** *et al.*, <br><br> Defendants. | 2:20-CV-10941-TGB-RSW <br><br><br> **ORDER GRANTING WITHDRAWAL MOTION (ECF NO. 67) AND REQUESTING JOINT STATUS REPORT** |

Pending before the Court is a motion filed by Florence Rostami Law LLC ("Rostami"), Izower Lefton, LLP ("Izower"), and Dawda, Mann, Mulcahy & Sadler, PLC ("Dawda Mann"). ECF No. 67. The motion seeks leave for counsel to withdraw from representing Plaintiff Mitsuiya Industries Co., Ltd. and to file an unredacted version of the supporting declaration under seal. For the reasons below, the motion will be **GRANTED**, and the Court will order the parties to file a joint status report regarding whether the parties intend to proceed to trial.

I.   **SUMMARY OF PROCEEDINGS**

Mitsuiya is a Japanese manufacturer of auto parts that often licenses its technology to other manufacturers. In April 2020, Rostami and Dawda Mann filed a complaint on its behalf against Formed Fiber Technologies, Inc. and several other entities, alleging that these companies were interrelated and—broadly speaking—had failed to pay

1

Mitsuiya agreed-upon royalties for use of Mitsuiya's proprietary technology, deceitfully induced Mitsuiya into reducing its licensing fees, played shell games, and later continued to use Mitsuiya's technology without permission or payment. ECF No. 1. A day after the complaint was filed, Moss & Boris, PC joined Mitsuiya's team of lawyers. ECF No. 5.

In the early stages of the litigation, Defendants moved to dismiss the complaint (ECF No. 9), prompting Mitsuiya to amend (ECF No. 23). When Defendants again moved to dismiss (ECF No. 25), a fourth firm—Izower—appeared on Mitsuiya's behalf. ECF No. 29. Rostami, Dawda Mann, and Izower handled proceedings on the motion to dismiss. ECF No. 31. The Court entered an order resolving that motion on February 11, 2021. ECF No. 38. Later that year, in September, the parties attended a settlement conference before Magistrate Judge Kimberly G. Altman. They were unable to reach a settlement.

In April 2022, the parties stipulated to extend the scheduling order then in effect. ECF No. 61. The new schedule they proposed—and the Court approved—set the discovery cut-off on January 26, 2023 and the deadline for dispositive motions on March 2, 2023. Later that year, certain defendant entities filed suggestions of bankruptcy (ECF Nos. 64 & 65) and, in November, the parties stipulated to dismissal with prejudice of the claims against those entities. ECF No. 66. Two defendant entities remained in the litigation: Gissing Automotive Systems LLC and Conform Automotive, LLC.

The parties took no further actions in this case until April 20, 2023, when Rostami, Izower, and Dawda Mann filed the pending motion to withdraw from representation. ECF No. 67. After the motion was filed, counsel also submitted a proof of service, attesting that they served a copy of the motion on Mitsuiya's president, managing director, an officer of its parent company, and Mitsuiya's Japanese counsel via email. ECF No. 70. Mitsuiya did not respond.

## II. LEAVE TO FILE UNDREDACTED DECLARATION UNDER SEAL

Rostami, Dawda Mann, and Izower first request leave to file an unredacted version of the declaration supporting their request to withdraw from representation under seal. ECF No. 67, PageID.1319.

The public has a strong interest in obtaining information contained in the court record, and there is a presumption that court records will be open. *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). But, while only the most compelling of reasons can justify non-disclosure of judicial records, attorney-client privilege can generally overcome the presumption of public access. *Id.* at 308.

According to counsel, the unredacted declaration that is the subject of the sealing request contains communications evidencing the breakdown of the attorney-client relationship between counsel and Mitsuiya. The attorney-client privilege protects confidential communications between lawyers and their clients on matters relating to

3

legal representation. *Ross v. City of Memphis*, 423 F.3d 596, 600 (6th Cir. 2005). Since counsel have also submitted a redacted version of the declaration for the public record, omitting the confidential portions of their communications with Mitsuiya, the Court finds that the request is narrowly tailored to preserve attorney-client privilege.

Accordingly, the request to file an unredacted version of the supporting affidavit will be **GRANTED**.

### III. LEAVE TO WITHDRAW FROM REPRESENTATION

Rostami, Dawda Mann, and Izower cite Mitsuiya's nonpayment of legal fees and a breakdown in the attorney-client relationship as reasons for their request to withdraw. ECF No. 67, PageID.1319. In a supporting declaration, lead counsel Florence Rostami details efforts to collect payment, Mitsuiya's initial promises to pay, Mitsuiya's failure to make good on its promises, warnings that the firms would withdraw if Mitsuiya failed to pay, and Mitsuiya's increasingly antagonistic responses beginning in December 2022—including its accusations that Ms. Rostami breached the New York Rules of Professional Conduct and its threats to refer Ms. Rostami to the New York Grievance Committee. Ms. Rostami attests that she tried to seek Mitsuiya's consent to withdrawal but that Mitsuiya ignored her communications.

An attorney's appearance in this District continues until the entry of a final order or judgment or the entry of a withdrawal or substitution order. L.R. 83.25(b). A decision to allow counsel to withdraw is at the

4

discretion of the Court. When considering withdrawal requests, courts turn to the Model Rules of Professional Conduct for guidance. *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009).

As relevant here, Model Rule 1.16(b) permits a lawyer to withdraw from representing a client if:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> …
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause for withdrawal exists.

Michigan Rule of Professional Conduct 1.16(b) substantially mirrors the Model Rule. Together, these rules stop short of guaranteeing a right to withdraw, but they presume that withdrawal is permissible if the rule requirements are satisfied. *Brandon*, 560 F.3d at 538.

Rostami, Dawda Mann, and Izower have satisfied the criteria for withdrawal under these rules. They warned Mitsuiya that they would withdraw if it did not pay. Mitsuiya's refusal to pay after this warning supplies good cause for withdrawal. Mitsuiya's refusal to pay its legal bills represents a substantial failure to "fulfill an obligation to [its] lawyer[s]." In combination with the antagonism detailed in Ms. Rostami's

5

supporting declaration, it has unquestionably "rendered [the representation] unreasonably difficult."

The Court has considered whether any special circumstances weigh against granting the request to withdraw and concludes there are none. Nothing suggests that Rostami, Dawda Mann, and Izower engaged in any "strategically-timed or coercive behavior." *See Brandon*, 560 F.3d at 538. The case has been inactive for several months, discovery is closed, no dispositive motions were filed, and the next stage of the case will be a trial. There is no indication that withdrawal would work a "severe prejudice" to Mitsuiya or that Mitsuiya is otherwise "over a barrel." *Id.* Additionally, Moss & Boris, PC are not seeking to withdraw, so Mitsuiya will remain represented in this case.

Rostami, Dawda Mann, and Izower additionally ask the Court to enter a judgment declaring that the Michigan Rules of Professional Conduct—rather than the New York Rules of Professional Conduct—apply to this case and a related bankruptcy case. ECF No. 67, PageID.1318. They suggest that this step is necessary because Mitsuiya has threatened to file a complaint with the New York Grievance Committee. *Id.* In connection with the request, they discuss their right to impose a charging lien on any recovery by Mitsuiya. *Id.* at PageID.1323-24. But they do not cite any authority regarding the Court's power to enter such a judgment, and the Court has been unable to locate any.

6

Local Rule 83.20(j) provides that an attorney who practices in this District "is subject to the Rules of Professional Conduct adopted by the Michigan Supreme Court, as amended from time to time, and consents to the jurisdiction of this court and the Michigan Attorney Grievance Commission and Michigan Attorney Discipline Board for purposes of disciplinary proceedings." By appearing in this Court, Rostami, Dawda Mann, and Izower have consented to abide by the Michigan Rules of Professional Conduct. But that does not confer authority on this Court to enter a "judgment" governing the disposition of any complaint Mitsuiya may file with the New York Grievance Committee. Insofar as the request is made in anticipation of the filing of a notice of an attorney's lien, it is not ripe. No such notice has been filed, and no information has been provided to the Court regarding the specifics of the fee arrangements.

In short, withdrawal is consistent with the applicable professional rules. The Court sees no reason to require Rostami, Izower, and Dawda Mann to continue the representation and bear the expenses of going to trial in this matter given clear evidence of deterioration in the attorney-client relationship. Accordingly, the request for leave to withdraw is **GRANTED**. But the Court is without authority to grant counsel's additional request for entry of a declaratory judgment.

### IV. ORDER FOR JOINT STATUS REPORT

As discussed above, this case appears to have come to a standstill. Apart from the motion for leave to withdraw filed by Rostami, Izower,

and Dawda Mann, the case has been inactive for over a year. Discovery has closed, and the March 2, 2023 deadline for filing dispositive motions passed without any actions or updates from the parties. The only steps remaining would be to have a trial, to settle the case, or to dismiss it.

District courts "enjoy broad discretion in matters of pretrial management, scheduling, and docket control." *Kimble v. Hoso*, 439 F.3d 331, 336 (6th Cir. 2006). Of course, a party is under no obligation to engage in motion practice. But given the lack of any actions or updates from the parties since November 2022 and lead counsel's withdrawal from the case, it would assist the Court to understand the intentions of the parties regarding the remaining claims. This three-year old case cannot be allowed to languish indefinitely.

Accordingly, the parties (Mitsuiya through its remaining counsel, Moss & Boris, PC) are **ORDERED** to submit a joint report regarding the status of the claims remaining in this case and whether they are prepared to proceed to trial within **21 DAYS** of entry of this order. Failure to comply with this Order will result in dismissal of its case with prejudice. *See* Fed. R. Civ. P. 41(b).

V. **CONCLUSION**

For the reasons above, the requests by Rostami, Izower, and Dawda Mann to file Ms. Rostami's unredacted declaration under seal and to withdraw from representation (ECF No. 67) are **GRANTED**. It is furthered **ORDERED** that within **21 DAYS** of entry of this order, the

parties shall file a joint report discussing the status of the claims remaining in this case and whether they intend to proceed to trial.

**IT IS SO ORDERED**, this 19th day of December, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge